**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| STATE OF NORTH CAROLINA | ) | |
| | ) | |
| v. | ) | 1:11CR331 |
| | ) | |
| JAMES RONALD PEGGS | ) | |

**MEMORANDUM OPINION AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This matter comes before the undersigned United States Magistrate Judge for review of a document filed by James Ronald Peggs (Docket Entry 1), labeled as a "Notice of Removal" (id. at 1), which purports to seek removal to this Court of state criminal case number 11CR039902, pending against Peggs in the General Court of Justice, District Court Division, in Guilford County, North Carolina (see id. at 1-2). (See Docket Entry dated Feb. 10, 2012.) For the reasons that follow, the Court should issue a summary remand and should order Peggs to show cause why the Court should not impose sanctions against him.

Background

According to an attachment to Pegg's instant Notice of Removal, "[o]n or about July 14, 2011 A.D. [Peggs] was unlawfully stopped and detained by two Officers of the Greensboro Police Department and given a 'traffic citation' and required by force to appear in a Statutory Administrative Court." (Docket Entry 1-1 at 3.) Said attachment asserts that, because various government

agencies and officials (whom Peggs calls "Third Party Defendants")[1] do not "have a damaged party as is required by law . . . [t]his is Fraud, Conspiracy, Collusion, Racketeering, Abuse of Power, Denial of Due Process, Dishonor in Commerce, Abuse of Process, Extortion, Coercion, Obstruction of Justice, Assault, etc." (Id.)

Further paragraphs of the attachment complain about:

1) the failure of law enforcement officers to "fully identif[y] themselves as required by the questionaire [Peggs] gave them" (id.);

2) the warrantless seizure of Peggs's driver's license (id.);

3) the "threat" by a law enforcement officer that Peggs would face arrest if he "traveled by private conveyance without a compelled alleged contract (license)" (id. at 4);

4) the refusal by a state district court judge at Peggs's first court appearance for his traffic citation "to accept any declaration other than whether [Peggs] was using an 'attorney, i.e. an officer of the court' or not" (id.);

5) the failure of the state prosecutor to provide "[a]n indictment or presentment as required by the N.C. Constitution for any citation referred to as a 'crime' . . . [and] [a]n 'Assessment for Charges' as required by Federal Law" (id. at 4-5); and

---

[1] In the attachment, Peggs identifies himself, inter alia, as a "Secured Party Creditor" and "Executive Trustee for the Private Contract Trust Known as JAMES RONALD PEGGS." (Id. at 1.)

2

6) the "[f]ailure to 'notify' [Peggs] of the alleged suspension of [his] 'license'" (id. at 5).

As "Support for Removal" of the state criminal case arising from his traffic citation, the instant Notice of Removal alleges:

> 1. Whereas, the North Carolina State Courts, as Statutory Administrative Courts have no Subject Matter Jurisdiction over any Secured Party Creditor.
> 2. Whereas, the North Carolina State Courts have an extensive history of attempting to usurp jurisdiction.
> 3. Whereas, the North Carolina State Courts have **only** the authority to **invite and mediate**, yet repeatedly threaten arrest (assault and battery and kidnapping) to unlawfully compel appearance in the Statutory Administrative Court.
> 4. Whereas, the North Carolina State Courts have a history of ignoring and dishonoring 28, USC, section 1333(1) "Savings to the Suitor Clause" which allows for removal into Admiralty. A Counter Claim in Admiralty is enclosed with this Notice of Removal.
> 5. Whereas, the District Attorney consistently, and willfully fails to provide any "alleged accused" with an "**assessment for the charges**" to allow for a complete "discharge" of a case.
> 6. Whereas, failure to present the original "assessment for the charges", defines the Prosecutor as "Practicing Law Without a License" and is therefore consistently committing a felony.
> 7. Whereas, the North Carolina State Courts consistently and willfully claim the STATE Of NORTH CAROLINA (A CORPORATION AND ARTIFICIAL ENTITY) is the **accuser** and **damaged party**.
> 8. Whereas the North Carolina State Courts consistently and willfully violate the "Ratification of Commencement" by refusing to bring in the Accuser (the artificial entity) for testimony. (F.R.C.P. 17a)
> 9. Whereas, the North Carolina State Courts consistently and willfully dishonor and violate a number of provisions of the Constitution, specifically "right to counsel" and "right to due process". Et al.
> 10. Whereas, the North Carolina State Courts frequently refer to traffic cases as "crimes" and willfully fail to present an "indictment" or "presentment" as required by the North Carolina Constitution.

> 11. Whereas, the North Carolina State Courts have a history of denying "trial by jury" as provided in the Seventh Article in Amendment to the Constitution and the North Carolina Constitution.

(Docket Entry 1 at 1-2 (emphasis in original).)

## Discussion

When a defendant in a state criminal case files a notice of removal in a United States District Court, that court "shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4) (2011).[2] In this case, in light of the allegations in the instant Notice of Removal and its attachments (set forth in the Background section above), "it clearly appears on the face of the notice and [the] exhibits thereto that removal should not be permitted," id., and therefore, the Court "shall make an order for summary remand," id.

In this regard, the Court first should note that "'federal courts are courts of limited jurisdiction,' constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998) (quoting Owen Equip. and

---

[2] Effective December 7, 2011, these and other provisions regarding removal of state criminal cases appear in a new statutory section. See 28 U.S.C. § 1455 (2012). Because Peggs filed the instant Notice of Removal on September 6, 2011 (see Docket Entry 1), this Memorandum Opinion cites the prior codification.

4

Erection Co. v. Kroger, 437 U.S. 365, 374 (1978)). Moreover, federal law severely limits the circumstances under which a litigant may remove a case from state court to federal court. See 28 U.S.C. §§ 1441-1453 (2011); see also Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994) ("Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction."). Further, "[t]he burden of establishing federal jurisdiction is placed upon the party seeking removal." Mulcahey, 29 F.3d at 151.

Peggs has not carried that burden in this case. Of the federal removal statutes, only three, 28 U.S.C. §§ 1442, 1442a, and 1443, provide for removal of state criminal cases. See 28 U.S.C. §§ 1441-1453 (2011); accord, e.g., Iowa v. Johnson, 976 F. Supp. 812, 816 (N.D. Iowa 1997) ("If this state criminal prosecution is removable to federal district court, it must be on the basis of one of three federal statutes, 28 U.S.C. § 1442, 28 U.S.C. § 1442a, or 28 U.S.C. § 1443."). Peggs has not satisfied the conditions of those three statutes because the instant Notice of Removal and its attachments lack allegations that Peggs acted as or assisted a federal official, acted as a military member, or faces denial of racial equality. See City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 815 (1966) ("[T]he history of [28 U.S.C. §] 1443(2) demonstrates convincingly that this subsection of the removal

statute is available only to <u>federal officers and to persons assisting such officers</u> . . . ." (emphasis added)); <u>Crawford v. State of Md.</u>, No. 92-2190, 4 F.3d 984 (table), 1993 WL 375649, at *1 (4th Cir. Sept. 24, 1993) (unpublished) ("[W]e find that the petition for removal [under 28 U.S.C. § 1443(1)] was without substantive merit because it contemplated broad contentions under generally applicable constitutional rights, rather than 'any law providing for specific civil rights stated in terms of <u>racial equality</u>.'" (quoting <u>Georgia v. Rachel</u>, 384 U.S. 780, 792 (1966)) (emphasis added)); <u>Florida v. Simanonok</u>, 850 F.2d 1429, 1430 n.1 (11th Cir. 1988) ("Clearly, the party seeking removal [under 28 U.S.C. § 1442a] must also be a <u>member of the armed forces</u>." (emphasis added)); <u>North Carolina v. Carr</u>, 386 F.2d 129, 131 (4th Cir. 1967) (observing that "purpose of [28 U.S.C. § 1442] is to take from the State courts the indefeasible power to hold <u>an officer or agent of the United States</u> criminally or civilly liable for an act allegedly performed in the execution of any of the powers or responsibilities of the Federal sovereign" (emphasis added)).

## Conclusion

"[I]t clearly appears on the face of the [instant] [N]otice [of Removal] and any exhibits annexed thereto that removal should not be permitted [and thus] the [C]ourt shall make an order for

6

summary remand." 28 U.S.C. § 1446(c)(4) (2011). Indeed, the insufficiency of the instant Notice of Removal rises to such a level that it qualifies as frivolous. See generally Neitzke v. Williams, 490 U.S. 319, 325 (1989) (defining "frivolous" as "lack[ing] an arguable basis either in law or in fact").

Peggs's conduct in this regard warrants consideration of sanctions. See 28 U.S.C. § 1446(a) (2011) (requiring the signing of notices of removal "pursuant to Rule 11 of the Federal Rules of Civil Procedure"); Fed. R. Civ. P. 11(b) (setting out minimum standards for filings, including absence of "improper purpose," basis for "legal contentions" under "existing law" (or via "nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law"), and presence (or likelihood of discovery) of "evidentiary support" for "factual contentions"); Fed. R. Civ. P. 11(c) (stating that, "[o]n its own, the court may order . . . [a] party to show cause why conduct specifically described in the order has not violated Rule 11(b)" and that, "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction," including "nonmonetary directives [and] an order to pay a penalty into court"). Moreover, in this case, the nonmonetary sanctions the Court should consider should include the entry of a pre-filing

7

injunction, see generally Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817-20 (4th Cir. 2004), because:

1) Peggs previously filed another notice of removal as to a state criminal case which notice a judge of this Court expressly declared "frivolous," see North Carolina v. Lewis, No. 1:11CR221-1, Docket Entry 6 at 2 (M.D.N.C. Sept. 16, 2011) (unpublished) (Eagles, J.); and

2) Peggs has a history of other frivolous and vexatious litigation in this Court, see Peggs v. Ingle, 1:09CV327, Docket Entry 41 at 5-7 (M.D.N.C. Nov. 13, 2009) (unpublished) (Schroeder, J.) (finding that "Peggs has filed multiple bogus filings replete with wholly inappropriate arguments, bizarre legal theories, and meaningless verbiage designed to harass" and imposing monetary sanction and subject-specific pre-filing injunction).

**IT IS THEREFORE RECOMMENDED** that, pursuant to 28 U.S.C. § 1446(c)(4) (2011), this case be remanded to the General Court of Justice, District Court Division, Guilford County, North Carolina.

**IT IS FURTHER RECOMMENDED** that, pursuant to Fed. R. Civ. P. 11(c)(3), Peggs be ordered to show cause why the Court should not

impose sanctions upon him, including a monetary penalty and/or a pre-filing injunction.

This the 23rd day of April, 2012.

                                           /s/ L. Patrick Auld
                                                     **L. Patrick Auld**
                                       **United States Magistrate Judge**